UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FABIAN VAKSMAN,

        Plaintiff,

        v.

MICHAEL W. WYNNE, Secretary, Department of the Air Force,

        Defendant.

No. CV-07-225-FVS

ORDER GRANTING SUMMARY JUDGMENT

**THIS MATTER** comes before the Court based upon cross motions for summary judgment. The plaintiff is representing himself. The defendant is represented by Assistant United States Attorney Andrew S. Biviano and Captain Shawn Tabor.

**BACKGROUND**

Fabian Vaksman suffers from Attention Deficit Hyperactivity Disorder ("ADHD"). The Department of the Air Force ("Air Force") conditionally hired Mr. Vaksman as a civilian historian and assigned him to Fairchild Air Force Base ("Fairchild"). In order to keep his job, he had to successfully complete two years of probation and the Air Force's Civilian Historian Orientation Course. The latter is offered at Maxwell Air Force Base ("Maxwell"). He began the course during the last week of February of 2005. While studying at Maxwell, he stayed in a local motel. Despite receiving multiple offers of assistance from his instructors and fellow students, and despite

ORDER - 1

accepting some assistance from them, he failed the course.  He checked out of his motel on March 19th.  During the process, he antagonized motel employees to the point that the general manager sent a letter of complaint to one of his instructors.  When Mr. Vaksman returned to Fairchild, he antagonized an Air Force sergeant to the point that she complained to her superiors.  On April 18, 2005, the Air Force fired him.  He filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that the Air Force discriminated against him on the basis of a disability, *viz.*, ADHD.  The EEOC assigned his complaint to an investigator.  Both before and after filing the complaint, he sent a number of contentious emails to various Air Force personnel.  One of the emails is dated July 11, 2005.  In it, he describes a certain Air Force officer as the "epitome of evil. . . . We have to throw this ANTI-INTELLECTUAL TRASH out of the AF history program before its too late . . . ." (Defendant's Statement of Material Facts (Ct. Rec. 72), Exhibit AA (capitals in original.))  Mr. Vaksman did not stop there.  He also says, "Do NOT deny this unconstitutional scum its Constitutional due process!  The God-damned traitors and cowards must be SHOT for their assault on The First Amendment and rot in hell . . . ."  *Id.* (capitals in original).  The EEOC investigator concluded that Mr. Vaksman had presented insufficient evidence of disability discrimination to qualify for relief.  He requested review by an EEOC Administrative Judge ("AJ").  After considering the materials submitted by the parties, the AJ ruled that Mr. Vaksman had failed to establish a prima facie case of disability discrimination.  This action followed.  The matter comes

ORDER - 2

before the Court based upon cross motions for summary judgment.

**RULING**

In order to state a prima facie case under the Rehabilitation Act of 1973, Mr. Vaksman must offer evidence indicating that (1) he is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of his disability. *Walton v. United States Marshals Service*, 492 F.3d 998, 1005 (9th Cir.2007). It is questionable whether Mr. Vaksman is a disabled person. Although his ADHD can be controlled with medication, and although he could have taken medication during the Civilian Historian Orientation Course, he chose not to do so. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482, 119 S.Ct. 2139, 2146, 144 L.Ed.2d 450 (1999) ("if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures -- both positive and negative -- must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled'"). Furthermore, even if Mr. Vaksman is disabled, he is not "otherwise qualified" to work for the Air Force as a civilian historian. His emails and other writings are a matter of record.[1] Mr. Vaksman's writings contain insulting and belligerent statements, some of which are violent in nature.[2] In view of these,

---

[1] In evaluating the defendant's summary judgment motion, the Court has not considered those oral statements and behaviors that the defendant attributes to Mr. Vaksman but which he disputes.

[2] Mr. Vaksman has filed a number of letters with the Court since commencing this action. Several contain inflammatory accusations.

ORDER - 3

it is clear that he lacks the interpersonal skills and judgment necessary to serve the Air Force as a civilian historian.

**IT IS HEREBY ORDERED:**

1. Mr. Vaksman's motion for summary judgment (**Ct. Rec. 18**) is denied.

2. The defendant's motion for summary judgment (**Ct. Rec. 70**) is granted.

3. Mr. Vaksman's claims against the defendant are dismissed with prejudice.

4. The Court will not entertain a motion for reconsideration.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, furnish copies to the plaintiff and to counsel for the defendant, enter judgment accordingly, and close the case.

**DATED** this ___5th___ day of September, 2008.

                                       _s/Fred Van Sickle_
                                       Fred Van Sickle
                        Senior United States District Judge